IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JACK ESKENAZI, an individual doing business as American Health Care Capital.<br><br>         Plaintiff.<br><br>vs.<br><br>RURAL COMMUNITY HOSPITALS OF AMERICA, LLC<br>1100 Main Street, Suite 2350<br>Kansas City, MO 64105<br><br>Serve Registered Agent:<br>CSC-Lawyers Incorporated Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>EMPOWER HEALTHCARE, LLC, a Florida Limited Liability Company;<br>8724 SW 72nd Street, #459<br>Miami, FL 33173<br><br>Serve Registered Agent:<br>Jorge A. Perez<br>8724 SW 72nd Street, #459<br>Miami, FL 33173<br><br>RURAL HEALTH PARTNERS, LLC, a Florida Limited Liability Company;<br>13727 SW 152 St. #125<br>Miami, FL 33177<br><br>Serve Registered Agent:<br>Jorge A. Perez<br>13727 SW 152 St. #125<br>Miami, FL 33177<br><br>PAUL L. NUSBAUM, an individual<br>2130 Presidential Drive<br>Charleston, WV 25314<br><br>and<br><br>JORGE A. PEREZ, an individual<br>13727 SW 152 St., #125<br>Miami, FL 33177<br><br>And Does 1-50.<br>         Defendants. | CASE NO. 4:18-cv-307 |

1

# COMPLAINT

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

### (AGAINST RURAL COMMUNITY HOSPITALS OF AMERICA)

COMES NOW Jack Eskenazi d/b/a American Healthcare Capital (hereinafter "Plaintiff"):

1. Plaintiff Jack Eskenazi is a resident of the State of California, County of Los Angeles and conducts business as American Health Care Capital.

2. Plaintiff is a nationwide mergers and acquisitions firm focused on the health care industry. It engages in a wide variety of financial transactions in that field. It has been in business for about 25 years and has advised on hundreds of medically related transactions including debt financing, asset sales mergers and acquisitions, joint ventures and partnerships. It has a deep knowledge of the medical field, from a financial aspect and is well known in the industry. Its contacts in its unique industry are unmatched by its peers.

3. Plaintiff is engaged by others in its field to assist, in a variety of ways, in financial planning and strategic consultation. Some of its clients are often in financial distress so they reach out to Plaintiff to devise ways to becoming financially healthy and sound.

4. Defendant Rural Community Hospitals of America, LLC, ("RCHA") is a Limited Liability Company formed in the state of West Virginia, authorized and doing business in Missouri, with its principal office in Kansas City, Missouri, and can be served at its above listed Missouri Registered Agent. On information and belief, it is a financing and operating company which operates and manages small rural hospitals. It also assists in providing new hospitals to replace older hospitals. On information and belief, its President and co-owner is Paul L. Nusbaum.

5. Defendant Empower Healthcare, LLC is, on information and belief, a Florida Limited Liability Company providing a range of health care services in the United States, including the conduct of business in Missouri. Empower can be served at its above-listed registered agent. On information and belief, its managing member is Jorge A. Perez.

6. Defendant Rural Health Partners, LLC is, on information and belief, a Florida

Limited Liability Company operating in the health care business, including the conduct of business in Missouri. Rural Health Care Partners can be served at its above-listed registered agent. On information and belief, its managing member is Jorge A. Perez. On information and belief, both Empower Healthcare, LLC and Rural Health Partners are controlled by Jorge Perez and are a "joint business enterprise" as that term is defined at law. On information and belief, there is a unity of interest and unity of control between Jorge Perez, Rural Health Partners and Empower Healthcare so as to render any distinction between them to be meaningless. In effect, all of the members of the single business enterprise were one single business enterprise. Inequity would follow if the distinctions were to be maintained. Hereinafter Jorge Perez, Rural Health Partners and Empower Healthcare shall collectively be referred to as the "Perez Defendants."

7. Defendant Paul Nusbaum is an individual living in Charleston, West Virginia and can be served at the address listed above.

8. Defendant Jorge Perez is an individual living in Miami, Florida and can be served at the address listed above.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will seek leave of court to amend this complaint to insert their true names and capacities when such has been ascertained.

10. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible, negligently, or in some other actionable manner or legal theory, for the events and happenings alleged herein which proximately caused injury to Plaintiff as alleged herein.

11. At all times relevant herein, the defendants, and each of them, were the agents, representatives, servants, employees, assistants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency, representation and/or employment and with the permission, authority, knowledge and consent of the other defendants; that each and every defendant was negligent in the selection, hiring, monitoring, supervising and/or continued

employment of each and every other defendant as an agent, representative, servant, employee and/or assistant.

12. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein or designated as a Doe was negligently, wantonly, recklessly, maliciously and otherwise tortuously responsible in some manner for the events and happenings herein referred to; and negligently, wantonly, recklessly, maliciously and otherwise tortuously proximately caused the injuries and damages to Plaintiff as alleged herein.

13. The tortious acts alleged herein and the formation of the contracts described herein, unless otherwise specified, occurred in the State of Missouri. This matter was originally filed in the U.S. District Court for the Central District of California, Case No. CV17-6172-MWF. That matter was dismissed without prejudice to refiling on October 2, 2017, for lack of personal jurisdiction. As such, the court has personal and subject matter jurisdiction over the defendants.

14. In early 2016, RCHA was in financial distress with the real possibility of a bankruptcy filing or the closing of some of the hospitals RCHA operated and/or managed. At that time RCHA could not obtain financing for a term loan or accounts receivable financing. In these circumstances and in these dire straits, RCHA reached out to Plaintiff in an attempt to relieve its financial pressure and avoid an economic disaster.

15. On or about January 27, 2016, Plaintiff and RCHA entered into a written agreement entitled "NON-EXCLUSIVE FINDER'S FEE AGREEMENT FOR THE SALE OF A MEDICAL BUSINESS OPPORTUNITY" (hereinafter "RCHA" agreement) A true and correct copy of the RCHA Agreement is attached hereto as **Exhibit 1**

16. Under the RCHA agreement Plaintiff would provide a variety of financial services to RCHA in exchange for which Plaintiff would be paid according to the nature of the services provided.

17. Plaintiff has performed all of his obligations under the RCHA Agreement other than those obligations excused or waived by RCHA.

18. The services provided by Plaintiff to RCHA included financial and strategic advice

4

and the introduction of RCHA to the Perez Defendants.

19. On information and belief, RCHA and the Perez Defendants have entered into an agreement pursuant to which they are jointly engaged in a business enterprise. Attached hereto as **Exhibit 2** is an unsigned letter of intent between RCHA and Rural Health Partners, LLC indicating the existence of a business arrangement between RCHA and the Perez Defendants. On information and belief, those defendants have entered into a joint venture or a form of business enterprise in the medical field

20. The introduction of one or all of the Perez Defendants to RCHA is a service which entitles Plaintiff to a fee under the RCHA Agreement.

21. RCHA has refused to pay Plaintiff the fee which is due and owing to Plaintiff and as a result RCHA is in breach of its obligations under said Agreement.

22. As a direct and proximate result of actions of the acts of RCHA and the Perez Defendants, Plaintiff has suffered damages in the amount which is currently un-ascertained. Plaintiff will seek leave of Court to amend once this amount has been determined.

23. Under section 12 of the RCHA agreement, if legal action is instituted by either party to the RCHA agreement the "losing party" shall pay the legal fees of the prevailing party. Plaintiff has been required to retain the undersigned attorneys to file and maintain this action and is entitled to recover his legal fees and costs from the RCHA.

## SECOND CAUSE OF ACTION

(For Breach of Contract)

(Against Jorge Perez, Empower and Rural Health Partners)

24. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 21 above, as though set forth in full herein.

25. On or about July 8, 2016, Plaintiff and Empower Healthcare entered into an Agreement (hereinafter "Empower Healthcare Agreement"). A true and correct copy of the Empower Healthcare Agreement is attached hereto as **Exhibit 3**. Thereafter, on or about October 31, 2016, Plaintiff and Rural Health Partners entered into an agreement (A true and correct copy

5

of the Rural Health Partners Agreement is also attached as **Exhibit 4**. (Henceforth the Empower Health Care Agreement and the Rural Health Partners Agreement shall be collectively referred to as the "Perez Agreements")

26. Under the Perez Agreements, Plaintiff would share certain confidential information with Empower and Rural Health Partners concerning a "10 hospital business opportunity" identified in the agreements as XYHPIA. This is the code assigned to RCHA by Plaintiff.

27. Under the Perez Agreements, the Perez Defendants recognized Plaintiff as the procuring cause for the business opportunity. As such, if any of the Perez Defendants circumvented Plaintiff in connection with the RCHA then each Perez Defendant would owe Plaintiff the same amount to which Plaintiff was entitled under its agreement with RCHA. The Perez Defendants effectively acted as guarantors of the commission Plaintiff was entitled to under the RCHA agreement.

28. Plaintiff has performed all of his obligations under the Perez Agreements other than those obligations excused or waived by the Perez Defendants.

29. One of the services provided by Plaintiff to the Perez Defendants, including Empower, was to introduce them to RCHA.

30. On information and belief, RCHA and Empower have entered into an agreement pursuant to which they are engaged in a business enterprise. Attached hereto is an unsigned letter of intent between RCHA and Rural Health Partners indicating a business arrangement between RCHA and the Perez Defendants. On information and belief those defendants have entered into a joint venture in the medical field. **See Exhibit 2.**

31. The introduction of RCHA to the Perez Defendants is a service which entitles Plaintiff to a fee under the RCHA Agreement.

32. RCHA has refused to pay Plaintiff the fee which is due and owing to Plaintiff and as a result RCHA is in breach of its obligations under said Agreement.

33. The Perez Defendants have refused to pay to Plaintiff the commission due to Plaintiff under the RCHA agreements and which RCHA has refused to pay. Under the Perez

6

Agreements, that commission is now due and owing to Plaintiff by the Perez Defendants.

34. As a direct and proximate result of actions of the acts of the Perez Defendants, Plaintiff has suffered damages in the amount which is currently un-ascertained. Plaintiff will seek leave of Court to amend this amount when it has been determined.

### THIRD CAUSE OF ACTION

(For Fraud -Intentional Misrepresentation)

(Against RCHA and Paul Nusbaum)

35. Plaintiff repeats and re-allege the allegations of Paragraphs 1 through 32 above, as though set forth in full herein.

36. In order to induce plaintiff to execute the RCHA Agreement, Paul Nusbaum, personally and on behalf of RCHA made certain representations to Jack Eskenazi. These representations were made shortly before the RCHA Agreement was executed in a series of phone calls between Mr. Nusbaum and Mr. Eskenazi.

37. Their representations included but were not limited to the following:

   a. That RCHA would pay the fees required of it under the RCHA Agreement.

   b. That if Plaintiff provided the services that RCHA requested, RCHA would account for all benefits that RCHA received, disclose those benefits and as a result compensate Plaintiff in a manner consistent with the RCHA agreement.

   c. That RCHA would not go "behind Plaintiff's back" and enter into a business arrangement without notifying Plaintiff of the existence of, and details about, that business arrangement.

38. Each of the representations and failures to disclose were false at the time RCHA and Nusbaum made them and RCHA and Nusbaum knew said representations were false at the time they were made.

39. The representations and failures to disclose were made in order to induce the reliance of Plaintiff on said statements and induce Plaintiff to execute the RCHA Agreement, provide services and take other actions to Plaintiff's detriment.

7

40. Plaintiff justifiably relied on the representations and performed the services and incurred related costs as a result thereof.

41. In truth and in fact:

    a. RCHA had no intention of paying fees required of it under the RCHA agreement.

    b. RCHA has never accounted, and did not intend to account, for the RCHA benefits that RCHA received under the RCHA Agreement. In short, RCHA and Nusbaum intended to and did keep Plaintiff in the dark because RCHA and Nusbaum wanted to avoid paying the fees owed to Plaintiff.

    c. RCHA and Nusbaum went "behind Plaintiff's back" and entered into a business arrangement with the Perez defendants without notifying Plaintiff of the existence of, and details about, that business arrangement. This is fundamental to Plaintiff's business model since Plaintiff relies on the full disclosure of clients like RCHA to find out what agreements, if any, clients like RCHA have entered into. Without a full disclosure by clients like RCHA, it is sometimes impossible to find out about these agreements with third parties.

42. As a proximate result of the foregoing, Plaintiff has suffered damages in an amount of at least $10,000,000 but in an actual amount presently unknown.

43. Upon information and belief, the foregoing acts of RCHA and Nusbaum were fraudulent, and were committed willfully and with conscious disregard of Plaintiff's rights and with the intention of depriving Plaintiff of its legal and property rights, or otherwise causing Plaintiff injury. By reason thereof, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish RCHA and Nusbaum, and each of them, and to deter similar conduct in the future, according to the wealth of RCHA and Nusbaum, and each of them, as proven at trial.

## FOURTH CAUSE OF ACTION

(For Tortious Interference With Contract Claim – Against All Defendants)

44. Plaintiff restates and reasserts all allegations contained in paragraphs one (1) through forty-three (43) of this *Complaint* as though fully set forth herein.

45. A contract existed between Plaintiff and RCHA, termed herein as the RCHA Agreement, which was breached by RCHA.

46. Two separate contracts existed between Plaintiff and the Perez Defendants, termed herein as the Perez Agreements, which were both breached by the Perez Defendants.

47. A contract also existed between Plaintiff and Defendant Paul Nusbaum, as the RCHA Agreement was signed and executed by Mr. Nusbaum, which was breached by Mr. Nusbaum. (*See* **Exhibit 1**.)

48. A contract also existed between Plaintiff and Defendant Jorge Perez, as Mr. Perez signed and executed the Empower Healthcare Agreement with Plaintiff, which was breached by Mr. Perez. (*See* **Exhibit 3**.)

49. The Perez Defendants caused RCHA to breach its contract with Plaintiff.

50. RCHA caused the Perez Defendants to breach their contracts with Plaintiff.

51. Defendant Perez caused Defendant Nusbaum to breach his contract with Plaintiff.

52. Defendant Nusbaum caused Defendant Perez to breach his contract with Plaintiff.

53. All Defendants caused these breaches intentionally and without justification or excuse.

54. As a direct and proximate result of actions of the acts of all Defendants, Plaintiff has suffered damages in the amount which is currently un-ascertained. Plaintiff will seek leave of Court to amend this amount when it has been determined.

## FIFTH CAUSE OF ACTION

(For Declaratory Relief-Against All Defendants)

55. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 54 as though set forth in full herein.

56. A dispute has arisen between the parties concerning their respective rights and obligations under the agreements referred to herein. That dispute includes whether any present and future business arrangement between RCHA and the Perez Defendants requires the payment of monies to Plaintiff.

57. Plaintiff seeks a determination by this Court as to those rights and obligations as they relate to past and future transactions between RCHA and the Perez Defendants.

**PRAYER:**

ON THE FIRST CAUSE OF ACTION

1. For the sum of $10,000,000.
2. For additional compensatory and general damages according to proof;
3. For consequential damages according to proof; and

ON THE SECOND CAUSE OF ACTION

1. For the sum of $10,000,000.
2. For compensatory and general damages according to proof;
3. For consequential damages according to proof; and

ON THE THIRD CAUSE OF ACTION

1. For the sum of $10,000,000
2. For compensatory and general damages according to proof;
3. For consequential damages according to proof; and
4. For punitive damages according to proof

ON THE FOURTH CAUSE OF ACTION

1. For the sum of $10,000,000
2. For compensatory and general damages according to proof;
3. For consequential damages according to proof; and
4. For punitive damages according to proof

ON THE FIFTH CAUSE OF ACTION

1. For declaratory relief as to the rights and obligations of the parties under the agreements referred to herein; and

ON ALL CAUSES OF ACTION

1. For costs of suit;
2. For attorney's fees and costs; and
3. For such other relief as may be just and proper.
4. For an accounting which would include all benefits the defendants received, or are pending, or are contingent, for the breach of their obligations as described herein.

**JURY DEMAND**

PLAINTIFF Jack Eskenazi demands a trial by jury on all issues on which a jury trial is permitted.

Respectfully Submitted,

CORONADO KATZ LLC

/s/ Steven F. Coronado

| | |
|---|---|
| Steven F. Coronado | MBN 36392 |
| Christopher L. Heigele | MBN 45733 |

14 W. Third, Suite 200
Kansas City, MO 64105
Telephone: (816) 410-6600
Facsimile: (816) 337-3892
steve@coronadokatz.com
chris@coronadokatz.com
ATTORNEYS FOR PLAINTIFF

Jonathan Mark Levitan      CA Bar #106798
Law Offices of Jonathan Mark Levitan
11620 Wilshire Blvd., Suite 900
Los Angeles, CA 90025
Telephone:  (310) 979-9240
[jonathanlevitan@aol.com](mailto:jonathanlevitan@aol.com)
*Pro Hac Vice Pending*
ATTORNEY FOR PLAINTIFF

12