IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JACK ESKENAZI, <br> d/b/a AMERICAN HEALTH CARE CAPITAL, <br> <br> Plaintiff, <br> <br> v. <br> <br> RURAL COMMUNITY HOSPITALS OF AMERICA, LLC, *et al.*, <br> <br> Defendants. | Case No. 4:18-cv-00307-SRB |

**ORDER**

Before the Court is Defendants' Motion to Dismiss First Amended Complaint by Defendants Rural Community Hospitals of America, LLC, Empower Healthcare, LLC, Rural Health Partners, LLC, Paul L. Nusbaum and Jorge Perez, or, in the Alternative, Motion for a More Definite Statement (Doc. #32). The motion is granted in part and denied in part. Defendants' request for a more definite statement is granted, whereas Defendants' request for dismissal of Plaintiff's First Amended Complaint is denied without prejudice.

**I.      Background**

According to Plaintiff's First Amended Complaint, Plaintiff Jack Eskenazi, doing business as American Health Care Capital, is a "nationwide mergers and acquisition firm focused on the health care industry" who acts as a "referral agent" to individuals and companies "in the medical field." (Doc. #31, ⁋ 2). In this capacity, Plaintiff "bring[s] willing buyers and sellers together." (Doc. #31, ⁋ 3). Rather than "negotiate the deals between those buyers and sellers," Plaintiff "brings them together to make an agreement between themselves and on their own terms." (Doc. #31, ⁋ 3). To be compensated for these services, "Plaintiff relies on the good faith

of his customers to notify Plaintiff that a deal has been made and pay the monies owed to Plaintiff." (Doc. #31, ¶ 3). Such arrangements are embodied in written service contracts like the ones at issue in this case. Plaintiff alleges that Defendants withheld "finder's fees" to which he is entitled under enforceable service contracts he made with Defendants. (Doc. #31, ¶¶ 24–25).

Plaintiff brings this suit on the basis of diversity jurisdiction against Defendants Rural Community Hospitals of America, LLC ("RCHA"), Empower Healthcare, LLC ("Empower"), Rural Health Partners, LLC ("RHP"), Paul L. Nusbaum, Jorge A. Perez, and fifty (50) Doe defendants. (Doc. #31). Plaintiff's First Amended Complaint contains five (5) claims in total. Plaintiff brings 1) a breach of contract claim against Defendant RCHA; 2) a breach of contract claim against Defendants Empower, RHP, and Perez[1]; 3) a fraud claim against Defendants RCHA and Nusbaum[2]; 4) a claim for breach of the covenant of good faith and fair dealing against the "Nusbaum Defendants"; and 5) a claim for declaratory relief "against all defendants."[3] (Doc. #31, ¶¶ 31, 44, 53, 57, 62). Defendant moves to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b) due to lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Doc. #32). In the alternative, Defendant moves for a more definite statement under Rule 12(e). (Doc. #32).

---

[1] Plaintiff refers to Defendants Empower, RHP, and Perez collectively as "Perez Defendants." (Doc. #31, ¶ 7).
[2] Plaintiff refers to Defendants RCHA and Nusbaum collectively as "Nusbaum Defendants." (Doc. #31, ¶ 8).
[3] While the point heading on page 12 of Plaintiff's First Amended Complaint states that declaratory relief is sought "against all defendants," the allegations under that point heading refer only to "RHCA," "Perez Defendants," and "RHCA Defendants." (Doc. #31, ¶¶ 61–62). Plaintiff's First Amended Complaint includes no definition of the term "RHCA Defendants."

## II. Legal Standard

### a. Fed. R. Civ. P. 12(b)(2)

When a defendant seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d at 591–92 (8th Cir. 2011)). Personal jurisdiction is "either specific or general." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979–80 (8th Cir. 2015). Specific jurisdiction over a defendant exists when that defendant has sufficient minimum contacts with the forum state and those very contacts give rise to the plaintiff's claim. *Creative Calling Sols.*, 799 F.3d at 979–80 (citing *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014)). General jurisdiction over a defendant exists when that defendant's contacts with the forum state "are so continuous and systematic as to render [the defendant] essentially at home" in that state, regardless of how the plaintiff's claim arose. *Daimler*, 571 U.S. at 127, 136–39) (holding that a corporation's principal place of business is a "paradigm" basis for general jurisdiction and discussing this paradigm's application to an L.L.C.). The forum court must have both statutory and constitutional authority to exercise either type of personal jurisdiction. *Creative Calling Sols.*, 799 F.3d at 979 (citing *K–V Pharm. Co.*, 648 F.3d at 592) ("A federal court may assume jurisdiction over a defendant in a diversity action if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment.").

### b. Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6)

Rule 8(a)(2) requires any "pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than" conclusory

3

allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 9(b) establishes a heightened pleading standard—i.e., higher than that of Rule 8(a)—for claims alleging fraud, requiring a party "to state with particularity the circumstances constituting" such alleged fraud. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (holding that Rule 9(b) requires a plaintiff to plead "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby" and that "[i]n other words, the party must typically identify the who, what, where, when, and how of the alleged fraud"). An opposing party may move to dismiss the pleading party's complaint under Rule 12(b)(6) on the ground that the pleading party has "failed to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the pleading party's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).

   **c. Fed. R. Civ. P. 12(e)**

  Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions under Rule 12(e) "are 'designed to strike at unintelligibility rather than lack of detail in the complaint.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo.2001)). A motion for a more definite statement is appropriate "where a party cannot determine the issues he must meet or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable." *Dixon*, 304 F.R.D. at 582

(citing *Pfitzer v. Smith & Wesson Corp.,* No. 4:13–CV–676–JAR, 2014 WL 636381, at *1 (E.D. Mo. Feb. 18, 2014)) (noting that, while Rule 12(e) motions are "disfavor[ed]" due to the "liberal standards of notice pleading and the availability of extensive discovery," courts are nonetheless "willing to sustain a Rule 12(e) motion where a complaint fails to satisfy the particularity requirements of Rule 9(b)").

### III. Discussion

Defendants argue several grounds for dismissing Plaintiff's First Amended Complaint. One alleged basis for dismissal is lack of personal jurisdiction over Defendants. Defendants claim that the complaint is unclear as to how this Court is authorized to assert personal jurisdiction over Defendants under Mo. Rev. Stat. § 506.500, Missouri's long-arm statute. (Doc. #33, pp. 7–8). Moreover, Defendants argue that the complaint is unclear regarding Defendants' contacts with Missouri for constitutional purposes and for purposes of venue under 28 U.S.C. § 1391(b)(2). (Doc. #33, p. 8). Another main ground for dismissal Defendants allege is failure to state a claim upon which relief can be granted. Defendants argue that several of the allegations in Plaintiff's complaint are "unintelligible" and that elements of various claims are missing. (*See, e.g.*, Doc. #33, pp. 11, 16–17). According to Defendants, Plaintiff's complaint also falls short of satisfying Rule 8 by "impermissibly lump[ing]" Defendants together in a way that fails to give fair notice of the particular claims brought against each of them. (Doc. #33, p. 12). Defendants also argue that the complaint fails to state a claim because Count III, alleging fraud, fails to satisfy the heightened pleading standard of Rule 9(b). (Doc. #33, p. 14–15). Finally, Defendants argue that this Court should at least order a more definite statement that would require Plaintiff to "identify the acts complained of against each Defendant" and to "clean up" the First Amended Complaint. (Doc. #33, p. 18).

As to Defendants' personal jurisdiction and venue challenges, Plaintiff argues that Paragraphs 11–17 of the First Amended Complaint and the attached documents from prior litigation in California "address" the issues of jurisdiction and venue. (Doc. #40, p. 3). Plaintiff points out that the complaint identifies the location of one Defendant's headquarters and argues that this case had been dismissed in a California court "presumably in part because of [sic] Missouri was an appropriate and admitted venue." (Doc. #40, p. 3). According to Plaintiff, Defendants' activities in Missouri—transacting business there, entering into one of the disputed agreements "as headquartered" there, and committing "the alleged intentional misrepresentation as headquartered" there—"surely satisfies" Mo. Rev. Stat. § 506.500, the Due Process Clause of the Constitution, and venue requirements (Doc. #40, p. 3). As to Defendants' Rule 8 fair notice challenge, Plaintiff argues that "[a]ny asserted 'lumping together' of the defendants is required because they at times acted together to the point they are [sic] one and the same, all as alleged in the" First Amended Complaint. (Doc. #40, p. 7). As to Defendants' failure to state a claim challenge, Plaintiff argues that all necessary elements and factual allegations "are directly addressed in the First Amended Complaint and the exhibits." (Doc. #40, pp. 4–8).

A more definite statement is warranted here because Plaintiff's First Amended Complaint (Doc. #31) is "so vague" that Defendants "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). First, the statutory and constitutional bases for this Court's exercising personal jurisdiction over *each* Defendant are not stated in Plaintiff's complaint with enough clarity, nor does the complaint allege venue clearly enough. Plaintiff sufficiently pleads general personal jurisdiction as to Defendant RHCA by alleging that Defendant RHCA has "its principal office in Kansas City, Missouri." (Doc. #31, ¶ 5). *See Daimler*, 571 U.S. at 136–139. For the remaining

6

Defendants, however, Plaintiff's First Amended Complaint's personal jurisdiction and venue allegations are too vague for those Defendants to reasonably prepare a response.

Second, Plaintiff's First Amended Complaint is sometimes unclear as to which particular Defendants are subject to each of Plaintiff's claims, and thus Defendants cannot reasonably prepare a response to these claims. While the point headings in the complaint lend some clarity, the allegations themselves are often vague. For example, Plaintiff's First Amended Complaint states that "there is a unity of interest and unity of control between Jorge Perez, Rural Health Partners and Empower Healthcare so as to render any distinction between them to be meaningless. In effect, all of the members of the single business enterprise were one single business enterprise." (Doc. # 31, ¶ 7). Another example, mentioned *supra* in note 3, is Plaintiff's claim for declaratory relief, which mentions "RHCA Defendants" without defining that term.

Third, Plaintiff's fraud claim (Count III) is not sufficiently clear, especially in light of the Rule 9(b) heightened pleading requirement, and thus Defendants cannot reasonably respond. While Plaintiff pleads that "[t]he Nusbaum Defendants actively concealed they had a business relationship with the Perez Defendants" and that "RHCA and Nusbaum went 'behind Plaintiff's back,'" (Doc. #31, ¶¶ 46–53), Plaintiff does not sufficiently plead "the who, what, where, when, and how of the alleged fraud." *BJC Health System*, 478 F.3d at 917. These are only the most problematic vague aspects of Plaintiff's First Amended Complaint that warrant a more definite statement under Rule 12(e).

## IV. Conclusion

Accordingly, Defendants' Motion to Dismiss First Amended Complaint by Defendants Rural Community Hospitals of America, LLC, Empower Healthcare, LLC, Rural Health Partners, LLC, Paul L. Nusbaum and Jorge Perez, or, in the Alternative, Motion for a More Definite Statement (Doc. #32) is granted in part and denied in part. Defendants' Motion for More Definite Statement is granted. Defendants' Motion to Dismiss is denied without prejudice. Pursuant to Fed. R. Civ. P. 12(e), Plaintiff shall file a more definite statement "within 14 days after notice of" this order. Thus, Plaintiff's more definite statement is due on or before October 17, 2018.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2018